**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**ALICIA FLOWERS,**

    **Plaintiff,**

**v.**                                                                       **Case No.:**

**JACKSONVILLE TRANSPORTATION AUTHORITY,**

    **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Alicia Flowers, by and through undersigned counsel, herby sues Jacksonville Transportation Authority ("Defendant") and in support of states as follows:

**NATURE OF ACTION**

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA, Title VII, and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

**PARTIES**

4. Plaintiff is a black female and a resident of Duval County, Florida.

5. Plaintiff worked for Defendant in Duval County, Florida.

6. Defendant is an independent state agency operating in Duval County, Florida.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.* and Title VII, 42 U.S.C. §§ 2000e *et. seq.*

9. Plaintiff is considered an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601, *et. seq.*

10. Defendant is considered an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12101, *et. seq.*, Title VII, 42 U.S.C. §§ 2000e *et. seq.*, and the FMLA, 29 U.S.C. § 2601, *et. seq.*

11. Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding her requests for leave pursuant to the FMLA.

12. Plaintiff was employed by Defednant for more than twelve (12) months.

13. Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

14. Plaintiff has a serious health condition as defined by the FMLA.

15. Plaintiff is "disabled" as defined by the ADAAA.

16. Defendant knew of Plantiff's disability and serious health condition during her employment.

17. Plaintiff was a "qualified individual" as defined by the ADAAA during her employment with Defendant.

## PROEDURAL REQUIREMENTS

18. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC") on or about February 13, 2019.

19. The EEOC issued a "Dismissal and Notice of Rights" letter on January 07, 2020 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

20. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

21. On or about October 08, 2014 Plaintiff began her employment with Defendant as a Customer Service Representative.

22. On or about November 2, 2015 Plaintiff was promoted to Reservationist.

23. On or about November 3, 2017 Plaintiff was promoted to Payroll Practitioner.

24. In February 2018, Plaintiff came under the supervision of Lisa Lamont ("Ms. Lamont"), a white female.

25. In April 2018, Plaintiff became aware of a pay disparity between herself and a similarly situated white co-worker, Mary Larrick ("Ms. Larrick").

26. Plaintiff filed a complaint with Defendant regarding the pay disparity between herself and the similarly situated white co-worker, Ms. Larrick, stating that she believed that the pay disparity was discrimination because of her race.

27. Defendant admitted to the pay disparity.

28. Defendant partially compensated Plaintiff for the pay disparity.

29. Subsequently, Ms. Lamont's retaliated against Plaintiff by intimidating Plaintiff, refusing to properly train Plaintiff, and by disciplining Plaintiff in a disparate manner as compared to a similarly situated white co-worker, Dawn Bush ("Ms. Bush").

30. On or about September 5, 2018 Ms. Lamont sent Plaintiff and two other co-workers a text message containing an image that compared Plaintiff to a camel.

31. The image in the text message emphasized the camel's nose, mouth, and exaggerated eye lashes.

32. Plaintiff believed that the image in the text message was meant to emphasize painful racial stereotypes against black women and specifically Plaintiff.

33. Plaintiff did not initially report this discrimination by Ms. Lamont for fear of further retaliation.

34. On or about October 12, 2018 Plaintiff filed a complaint with Defendant regarding the racist text message and other disparate treatment because of her race.

35. No corrective action was taken.

36. On or about October 18, 2018 Plaintiff applied for leave under the FMLA to care for own serious medical conditions, severe neck pain and muscle spasms.

37. On or about November 7, 2018, Plaintiff, through undersigned counsel, sent a letter to Defendant's counsel regarding claims of discrimination because of Plaintiff's race and retaliation because of Plaintiff reporting unlawful discrimination.

38. On or about November 21, 2018 Defendant's counsel acknowledged receipt of the aforementioned letter.

39. Plaintiff exercised FMLA leave and returned to work on or about December 3, 2018.

40. On or about December 6, 2018 Plaintiff filed a complaint with Defendant concerning her job duty of performing payroll being assigned to a co-worker, being given tasks outside of her job description, Ms. Lamont disclosing private information concerning her FMLA leave, and Defendant failing to give Plaintiff her written duties, training nor a checklist for the new payable process that she was responsible for completing the following next week.

41. Plaintiff's complaint stated that these actions were done in retaliation for exercising leave under the FMLA.

42. On or about December 07, 2018 Plaintiff requested an accommodation for her Attention Deficit Disorder.

43. The accommodation request consisted of Plaintiff not be assigned to perform weekly payroll.

44. On or about December 12, 2018 Plaintiff filed a complaint regarding disparate treatment in regard to Plaintiff being assigned duties outside her regular job duties and micromanaging and belittling from Ms. Lamont.

45. Plaintiff believes this treatment was due to her recent request for an accommodation under the ADA and for taking leave under the FMLA.

46. On or about January 2, 2019 Defendant's counsel informed the undersigned counsel that the claims set forth in the November 7, 2018 letter had been "looked into".

47. On or about January 10, 2019 Plaintiff filed a complaint regarding pay disparity between herself and a similarly situated white co-worker, Ms. Larrick.

48. On or about January 14, 2019 Defendant terminated Plaintiff.

49. Plaintiff has satisfied all conditions precedent, or they have been waived.

50. Plainitff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in Violation of the ADAAA

51. All allegations prior to Count I are reallaged and incorporated herein.

52. After Plaintiff requested an accommodation, she began to receive disparate treatment as compared to her non-disabled similarly situated co-workers from Defendant that ultimately led to her termination.

53. Defendant terminated Plaintiff because of her disability.

54. Defendant's discharge of Plaintiff because of her disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of her employment.

55. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Retaliation in Violation of the ADAAA

56. All allegations prior to Count I are reallaged and incorporated herein.

57. Plaintiff engaged in protected activity by filing a complaint with Defendant on or about December 12, 2018.

58. Defendant took an adverse employment action by terminating Plaintiff.

59. Defendant took the adverse employment action because of Plaintiff's protected activity.

60. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Retaliation in Violation of the FMLA

61. All allegations prior to Count I are reallaged and incorporated herein.

62. Plaintiff was employed by Defendant.

63. Plaintiff was eligible for FMLA leave.

64. Plaintiff was entitled to FMLA leave.

65. Plaintiff engaged in protected activity by filing a complaint with Defendant on or about December 6, 2018 and December 12, 2018.

66. Defendant took an adverse employment action by terminating Plaintiff.

67. Defendant took the adverse employment action because of Plaintiff's protected activity.

68. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count IV – Discrimination in Violation of Title VII

69. All allegations prior to Count I are reallaged and incorporated herein.

70. Plaintiff is a black female.

71. Defendant treated Plaintiff differently than similarly situated non-black employees of Defendant by, *inter alia*, subjecting Plaintiff to different treatment with regard to pay, job duties, and by unlawfully terminating Plaintiff.

72. As a direct and proximate cause of Defendant's unlawful treatment of Plaintiff, including her unlawful termination, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## Count V – Retaliation in Violation of Title VII

73. All allegations prior to Count I are reallaged and incorporated herein.

74. Plaintiff engaged in protected activity by filing several complaints with Defendant during 2018 and 2019.

75. Defendant took an adverse employment action by unlawfully terminating Plaintiff.

76. Plaintiff's protected activity was a motivating factor that prompted Defendant to take the adverse employment action.

77. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 6th day of April, 2020 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*